UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS JOSEPH CUTAIA,

    Plaintiff,

v.                                          CASE NO. 6:11-cv-973-Orl-28DAB

STATE OF FLORIDA, et al.,

    Defendants.

## ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 9). Plaintiff seeks reconsideration of this Court's June 30, 2011, Order requiring him to file a second amended complaint (Doc. No. 5). Plaintiff filed an initial civil rights complaint with this Court on June 10, 2011 (Doc. No. 1). The Court ordered Plaintiff to file his complaint on the approved form (Doc. No. 2). Plaintiff then filed an amended complaint which did not completely set forth his claims and instead referred back to the original complaint (Doc. No. 4). Thus, the Court ordered Plaintiff to file a second amended complaint, noting that the second amended complaint must include all of his claims and could not refer back to the original complaint (Doc. No. 5).

The Court's reconsideration of a prior order is an extraordinary remedy which must be used sparingly. *American Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1339 (M.D. Fla. 2003); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814

F.Supp. 1072, 1072 (M.D. Fla. 1993). A motion for reconsideration should raise new issues and not merely readdress previously litigated issues. *Taylor*, 814 F.Supp. at 1072. The Court has further stated:

> When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinnings upon which the decision was based. The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

*Id.* at 1072-73 (citations omitted).

Here, Plaintiff has noted no change in the factual or legal underpinning upon which the Court based its Order requiring him to file a second amended complaint. As the Court noted in its June 30, 2011, Order, Plaintiff must file a second amended complaint that contains all of his claims and cannot refer back to the original complaint. Additionally, contrary to Plaintiff's assertions, his original complaint was not in full compliance because it was not on the Court's standard pre-printed civil rights form, which is more useful in helping the Court to evaluate civil rights complaints. For example, the form helps the Court to determine whether Plaintiff has exhausted his administrative remedies and whether Plaintiff has filed any previous actions in state or federal court that relate to his confinement.

The Court has considered Plaintiff's arguments, and finds that the requirement that Plaintiff file a second amended complaint on the pre-printed civil rights form is not unduly burdensome. Thus, the Court finds that Plaintiff has failed to demonstrate sufficient grounds warranting reconsideration of the prior order. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 9) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida this 25 day of July, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 7/21
Thomas Joseph Cutaia