UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS JOSEPH CUTAIA,

    Plaintiff,

v.                                      CASE NO. 6:11-cv-973-Orl-28DAB

STATE OF FLORIDA, et al.,

    Defendants.

## ORDER

This case is before the Court on Petitioner's "Motion to Claim Judicial Bias on Judges Antoon and Baker" (Doc. No. 34, filed February 3, 2012). Plaintiff essentially seeks disqualification of the Judges assigned to the instant case.

Recusal of a federal judge is appropriate if his "impartiality might reasonably be questioned" or where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073 (11th Cir. 1993). To warrant recusal, a "judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

Plaintiff has not alleged any facts sufficient to lead an objective observer to conclude that the Court may be impartial. Plaintiff states that if the Judges are part of a class that received employment due to affirmative action then they should recuse themselves. Plaintiff also contends that the Judges may have spoken to some of the Defendants he is suing in this case. Additionally Plaintiff states that he believes that there may have been offers of employment or money to the Judges. The Court finds Plaintiff's allegations are merely speculative. *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on unsupported, irrational or highly tenuous speculation. ") (quotation omitted). Moreover, to the extent Plaintiff seeks disqualification due to the Court's adverse orders, the Court notes that adverse orders or rulings do not themselves evidence bias. *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001). Plaintiff has not demonstrated that any adverse orders issued by this Court can be construed as personal, extrajudicial bias.

The Court concludes that an objective observer with knowledge of all facts would not find the appearance of any partiality on behalf of the Judges presiding over this matter. Because Plaintiff has failed to demonstrate that recusal is warranted, it is **ORDERED** that Petitioner's Motion to Claim Judicial Bias (Doc. No. 34) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida this ___ day of February, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 2/6

Thomas Joseph Cutaia